# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 6, 2000 Session

## MISTY L. COOPER v. ROY K. NORRIS, ET AL.

**Appeal from the Chancery Court for Claiborne County**
**No. 12,161     William Dender, Judge**

**FILED FEBRUARY 22, 2001**

**No. E2000-01208-COA-R3-CV**

---

Misty L. Cooper sues Claiborne County Board of Education for breach of a teaching contract she contends was entered into with her. The School Board contends that the offer of employment was contingent upon her passing the National Teachers Examination, which she did not do. The Trial Court found in favor of the Board. We affirm.

**Tenn.R.App.P.  3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

W. Andrew Fox, Knoxville, Tennessee, for the Appellant, Misty Cooper

E. Jerome Melson, Knoxville, Tennessee, for the Appellee, Claiborne County Board of Education

### OPINION

In this suit, Misty L. Cooper initially sought damages against Roy K. Norris, Superintendent of Claiborne County Schools, members of the Claiborne County Board of Education, and the Claiborne County Board of Education for breach of a teaching contract she contends she entered into with Claiborne County.

The Superintendent and members of the Board filed a motion to dismiss, which was sustained by the Trial Judge, leaving only Claiborne County Board of Education as a party Defendant.

After a full evidentiary hearing the Trial Court found that there was no meeting of the minds between Ms. Cooper and the Board and, consequently, no contract was formed.

Ms. Cooper appeals, contending the Trial Court was in error in allowing parol evidence to be introduced regarding the terms of the contract and, even if the evidence were properly introduced, the term "pending teacher certification" was ambiguous and should be construed against the Board. Finally, she contends that she should have been given an opportunity to obtain the certification contemplated by the offer of employment.

Under Tenn.R.App.P. 13, the findings of fact of a trial judge are entitled to a presumption of correctness unless the evidence preponderates otherwise. Questions of law, however, are not accorded this presumption. Campbell v. Florida Steel Corporation, 919 S.W.2d 26 (Tenn. 1996).

The dispute in this litigation arose as a result of Ms. Cooper applying for a position as teacher and girls' basketball coach at Claiborne County High School to fill a vacancy. At a Board meeting held on May 14, 1998, the following motion respecting Ms. Cooper was adopted:

> Dr. Ellis reported to the board the personnel committee met with four applicants for the Claiborne County High School coaching position. Dr. Ellis made a motion to recommend Dayton Parkey as the committee's recommendation. Joe Overton addressed the board and nominated Misty Young Cooper to the list. A motion was made by Alice Alexander and seconded by Joe Overton to hire Misty Young Cooper as teacher and coach pending teacher certification at Claiborne County High School. A roll call was taken 3 votes for Misty Young Cooper and 1 vote for Dayton Parkey.

On May 15, the day after the Board acted on the foregoing motion, Ms. Cooper was awarded an interim probationary teacher B license. This license expired on August 31, 1998, but could have been renewed for one year, or perhaps two years, if the Superintendent of Claiborne County Schools had advised the State that she was an employee.

Although Ms. Cooper had made numerous attempts to obtain an apprentice teacher license, she had failed on five or six occasions to pass one of the components of the National Teachers Examination, and was awaiting a report from the State as to her most recent attempt to pass the examination on the occasion of the Board's meeting on May 14.

Sometime between May 14 and June 11, it was determined that Ms. Cooper had again failed to pass the one feature of the examination she had not been able to pass, and a motion was made at a meeting of the Board on June 11 that her employment contract should be rescinded.[1] This was done in her absence and without any notice to her that the matter would be brought before the Board.

---

[1] Ms. Cooper later passed the part of the examination which she had failed in the past and was awarded an apprentice teacher license on December 18, 1998.

The Board contended the language of the motion speaking of "pending teacher certification" was a condition precedent to the contract becoming enforceable. Ms. Cooper, on the other hand, contends her interim B teaching license met the requirements of the motion and, hence, the contract was illegally rescinded.

Evidence was introduced by the Board by the testimony of Bobby Williams, Chairman of the Board, and Joe Overton, member of the Board, that the term "pending teacher certification" meant passing the National Teachers Examination. Based on this testimony introduced, the Trial Court found that because Ms. Cooper thought the term meant one thing and the Board thought it meant another, there was no meeting of the minds and, consequently, dismissed the suit.

Ms. Cooper takes exception to Messrs. Williams and Overton's testimony on the ground that it is in violation of the parol evidence rule. We disagree. We view it as not an attempt to change the alleged contract, but rather to explain the meaning of the terms contained therein.

Ms. Cooper also asserts that if her interim license did not meet the requirements of the term–pending teacher certification–the term was ambiguous and, because it was "drafted" by representatives of the Board of Education, it should be construed against the Board.

Ms. Cooper argues that the word "pending," as defined in the Random House Dictionary of the English Language, means: while awaiting; until; (2) and the period during. However, Webster's Third International Dictionary also has as the second meaning: until the occurrence or completion of.

Our reading of the record, however, persuades us that notwithstanding Ms. Cooper's contention as to her understanding of the term, the following testimony from her shows that she recognized the term could be construed as the Board insists:

> Q   And you were aware at the time that the meeting was conducted on May 14th, 1998, that the offer that was extended to you was extended to you, quote, pending teacher certification, as is shown in the language of the minutes. Is that right?
>
> A   Yes, as the minutes state.
>
> Q   And you also, Ms. Cooper, are aware that one interpretation of the language, pending teacher certification, was that the Board of Education could have meant that the offer of employment to you was conditioned upon you having passed the National Teacher's Examination before commencing teaching duties in August of 1998. Is that true?
>
> MR. WEBSTER: I would have to object to that question. He is asking what she thought the board may have meant and the board speaks through

its minutes. She has no ability to know what may be within their individual minds, but the minutes are there for the Court's interpretation.

MR. MELSON: May I respond?

THE COURT: Yes.

MR. MELSON: I was going to say, Judge, it is our position in a contract case, the intention of the parties, the manifestation of the intention of the parties is crucial.

And her understanding of what was meant by that language or what could have been meant by that language is relevant in this case.

THE COURT: Well, certainly to say the least, it is not very specific, let me say it that way. It certainly doesn't say that she had to be fully certified in the State of Tennessee. Go ahead. I am going to overrule your objection.

BY MR. MELSON:

Q   You were aware, Ms. Cooper, that the pending teacher certification language contained in the May 1998 minutes of the Claiborne County Board of Education that one interpretation that could have attached to that language that the board used was that it was requiring you to have passed the NTE before commencing teaching in August 1998? That that is roughly their interpretation?

A   That is their opinion.

Q   And that was an interpretation you realized they could have had when that offer was communicated to you in May of 1998; is that accurate?

A   If they had that opinion, why didn't they tell me?

Q   I am simply --

THE COURT: Answer his question.

THE WITNESS: Yes.

BY MR. MELSON:

      Q  Okay. And you know that in May of 1998, that that's what the board could have meant when it made the conditional offer of employment to you. True?

      A  Yes.

We think it is also significant that between May 14 and the date she received the results of her most recent attempt to pass all phases of the NTE, she was asked by Jim Shipley, Principal of Claiborne County High School three to five times whether the results had been received. Certainly, if she had felt that she had already fully complied with the terms of the motion she would have told Mr. Shipley that passing the NTE was immaterial because she had a license which was in accordance with the requirements of the motion to employ her.

We consequently conclude, in light of her testimony above set out and the acts of the Principal in urging her to obtain the results of her most recent testing, that she understood the construction placed on the motion by the Board, and either concurred or acquiesced therein.

Taking this view, we conclude the Trial Court appropriately dismissed her case.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Ms. Cooper and her surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE